WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeanette Young,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>United States Department of the Interior, Bureau of Indian Education,<br><br>　　　　　　Defendant. | No. CV-13-08024-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss / Motion for Summary Judgment. (Doc. 11.) For the reasons discussed below, the Motion is granted.

**BACKGROUND**

Plaintiff, Jeanette Young, was an employee of the United States Department of the Interior, Bureau of Indian Education ("BIE"). (Doc. 12.) She was terminated by the Defendant, BIE, on May 20, 2011. (*Id.*)  On January 29, 2013, Ms. Young filed a complaint with this Court. (Doc. 1.) Ms. Young alleges that BIE violated her freedom of religion in terminating her because of her refusal to be "saved." (Doc. 1 at ¶ 6.) She claims that her action arises under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971). (Doc. 1 at 1.) BIE and Ms. Young are unable to agree that Ms. Young's pleading is curable by an amendment. (Doc. 12 at ¶ 9.) On April 22, 2013, BIE filed a Motion to Dismiss/ Motion for Summary Judgment. (Doc. 11). The

deadline for a response by Ms. Young was on May 9, 2013 and no response was ever filed.

## DISCUSSION

### I. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When a complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation omitted).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

/ / /

## II. Analysis

### A. Young Fails to State a Claim Under 42 U.S.C. § 1983

Ms. Young contends that this action arises under 42 U.S.C. § 1983. (Doc. 1 at 1.) The sole defendant in this action is BIE. (*Id.*) The BIE, as a federal agency, is part of the United States and is not a state actor. "[T]he United States itself is not a state actor and therefore does not come within the provisions of sections 1983 or 1985." *Psket v. U.S., Dep't of Justice-Organized Crime Strike Force*, 41 F.3d 1513 (9th Cir. 1994); *see also Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) (holding that § 1983 is "applicable only to actions by state and local entities, not by the federal government"). Thus, § 1983 is not applicable to the BIE and Ms. Young has failed to state a valid claim under § 1983.

Ms. Young also requests attorneys' fees pursuant to 42 U.S.C. § 1988(b). (Doc. 1 at 3.) Section 1988 gives discretion to the Court to allow a *prevailing party* in a claim brought under § 1983 a reasonable attorney's fee as part of the costs. 42 U.S.C.A. § 1988 (West). Ms. Young's claim for attorneys' fees based on § 1988 requires her to be a prevailing party under her § 1983 claim. But, as discussed above, Ms. Young has failed to state a valid claim under § 1983. Thus, there is no possible basis in Ms. Young's complaint for an award of attorney's fees.

### B. Young Fails to State a Claim Under *Bivens*

In *Bivens*, the Supreme Court recognized that a plaintiff may recover damages that resulted from federal agents' violation of his Fourth Amendment rights. *Bivens*, 403 U.S. at 397. "[T]he Supreme Court has held that no Bivens remedy is available against a federal agency." *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1119 (9th Cir. 2009) (citing *FDIC v. Meyer*, 510 U.S. 471, 484 (1994)). Ms. Young contends that this action also arises under *Bivens*. (Doc. 1 at 1.) Ms. Young, however, does not explain how or why *Bivens* applies and has not filed a response to BIE's Motion to Dismiss.

In the present case, BIE, a federal agency, is the sole defendant. Thus, Ms. Young has failed to state a claim under *Bivens* because no *Bivens* remedy is available against a

federal agency.

### C. Subject Matter Jurisdiction

BIE contends that Ms. Young's exclusive remedy for religious discrimination is under Title VII and that this Court lacks subject matter jurisdiction to hear a Title VII claim because Ms. Young failed to exhaust her administrative remedies. (Doc. 11 at 5.) BIE cites to external evidence, (Doc. 12), in support of this argument. Absent specific exceptions, however, the Court will not consider evidence or documents beyond the complaint in the context of a 12(b)(6) Motion to Dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir.1990) (amended decision). When a party files affidavits and other evidence in support of a 12(b)(6) Motion to Dismiss, the Court may convert the motion to a Fed. R. Civ. P. 56 motion for summary judgment. Fed. R. Civ. P. 12. Here, because Ms. Young has not brought any claims under Title VII, the Court need not consider the external evidence to determine whether she exhausted her administrative remedies. Because it is unnecessary to convert the Motion and because Ms. Young has not alleged any Title VII claim, this Court will not address BIE's contention about lack of subject matter jurisdiction.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 11), is **GRANTED**. The Clerk of Court is directed to terminate this action and enter judgment accordingly.

Dated this 21st day of June, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge

- 4 -