WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeanette Young,<br><br>               Plaintiff,<br><br>v.<br><br>United States Department of the Interior, Bureau of Indian Education; et al.,<br><br>               Defendants. | No. CV-13-08024-PCT-GMS<br><br>**ORDER** |

      Pending before the Court is Defendants' Motion to Dismiss/Motion for Summary Judgment on Plaintiff's Amended Complaint. (Doc. 21.) For the reasons discussed below, the Motion is granted.

## BACKGROUND

      Plaintiff, Jeannette Young, was an employee of Defendant United States Department of the Interior, Bureau of Indian Education (the "BIE"). (Doc. 12.) She was terminated by the BIE on May 20, 2011. (*Id.*) On January 29, 2013, Plaintiff filed a Complaint with this Court (Doc. 1), alleging that the BIE violated her religious freedom by terminating her because of her refusal to be "saved." (Doc. 20 at ¶ 7(d).) Plaintiff brought claims against the BIE under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). (Doc. 1 at 1.) On June 21, 2013, the Court granted Defendant's Motion to Dismiss / Motion for Summary Judgment after Plaintiff failed to file any response to that Motion. (Doc. 15.) On July 12, 2013, the Court granted Plaintiff's Motion to Reopen the Case, without opposition from Defendant. (Doc. 19.) On August 12, 2013, Plaintiff filed an Amended Complaint. (Doc. 20.) In her

Amended Complaint, Plaintiff again alleges employment discrimination based on her religion and brings her claims under § 1983 and as a *Bivens* action against the BIE and two named defendants. (*Id.* at ¶1.) Defendants now moves to dismiss Plaintiff's Amended Complaint or for summary judgment. (Doc. 21.)

## DISCUSSION

In its June 21, 2013, Order, this Court dismissed Plaintiff's § 1983 claims and *Bivens* claims against the BIE. (Doc. 15.) Plaintiff alleges these identical claims against the BIE in her Amended Complaint. (Doc. 20.) Further, in her Response to Defendant's Motion to Dismiss the Amended Complaint and for Summary Judgment, Plaintiff concedes to the dismissal of the BIE. (Doc. 28.) Therefore, and for the reasons described in the June 21, 2013, Order, Plaintiff fails to establish any cognizable claim against the BIE and her claims against the BIE are dismissed.

The sole change Plaintiff did make in her Amended Complaint was to add two individual defendants, Velma Eisenberger, the principal at the school from which Plaintiff was terminated, and Lemuel Adson, a BIE Education Line Officer. (Doc. 20 at ¶ 6.) Defendants argue that Plaintiff's sole remedy in this case was to bring a Title VII claim of employment discrimination based on religion, and that she failed to do so. (Doc. 21 at 6–7.) Plaintiff does not respond to this or to any other argument made by Defendants in her Response. (Doc. 28.) Instead, Plaintiff states that she is "bringing a *Bivens* case against the named federal agents" and that she has filed summonses for these newly added defendants with the Court. (*Id.*) Plaintiff neither submitted her own Statement of Facts in response to Defendants' Statement (Doc. 22), nor does she contest any of Defendants' characterization of the facts in her Response.

In *Bivens v. Six Unknown Federal Narcotics Agents*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). In that case, the Court recognized this implied damages remedy under the Fourth Amendment, and in subsequent cases the Court recognized that

1  same remedy under the Due Process Clause of the Fifth Amendment and Cruel and
2  Unusual Punishments Clause of the Eighth Amendment. 534 U.S. at 67. In determining
3  whether to create a *Bivens* remedy in a new constitutional context, a court looks to
4  existing congressionally created remedies for the alleged violation and to "special factors
5  counseling hesitation in the absence of affirmative action by Congress." *Bivens*, 403 U.S.
6  388, 395 (1971).

7  In *Bush v. Lucas*, the Supreme Court declined to extend the *Bivens* remedy to a
8  federal employee's suit alleging a violation of his First Amendment rights because his
9  claims arose "out of an employment relationship that is governed by comprehensive
10 procedural and substantive provisions giving meaningful remedies against the United
11 States." 462 U.S. 367, 368 (1983). The Court found that in that case, the existing
12 administrative scheme available to the employee had been "constructed step by step, with
13 careful attention to conflicting policy considerations" and that the Court would not
14 augment that system by creating a new judicial remedy for the alleged violation of the
15 employee's First Amendment rights." *Id*. at 388.

16 Title VII of the Civil Rights Act of 1964 "provides the exclusive judicial remedy
17 for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425
18 U.S. 820, 835 (1976). Here, Plaintiff asserts claims of religious discrimination against her
19 employer. As this claim falls within the ambit of Title VII, her sole remedy is to bring a
20 claim under that statute and to comply with all applicable requirements for exhaustion of
21 administrative remedies. Plaintiff cites to no authority to suggest that a *Bivens* claim
22 exists in this case despite the existence of a comprehensive, congressionally-created
23 remedial scheme, and she makes no arguments to suggest that this scheme is somehow
24 inadequate for her claim. The Court finds that Plaintiff cannot avoid the requirements of
25 that scheme by bringing a *Bivens* claim in this context. Thus, Plaintiff's claims against
26 Defendants Eisenberger and Adson are dismissed. Therefore,
27 / / /
28 / / /

**IT IS ORDERED** that Defendants' Motion to Dismiss/Motion for Summary Judgment (Doc. 21) is **granted**.  The Clerk of Court is directed to terminate this action and enter judgment accordingly.

Dated this 4th day of December, 2013.

*G. Murray Snow*
United States District Judge